SIDNEY ROSS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37706. Promulgated June 22, 1932.

*Frederic E. Reeve, C. P. A.*, for the petitioner.
*George R. Sherriff, Esq.*, for the respondent.

500

LEECH: The issue presented here is, Did petitioner sustain a deductible loss in 1923 under the provisions of section 234 (a) (4) of the Revenue Act of 1921?

The " advances " claimed as the basis for the loss were commingled with the general funds of the China Ross Company from which its general operating expenses were paid in an amount exceeding $25,000 during 1921. If a definite amount of the funds so advanced was used in the purchase of capital assets or for any other purpose, which, upon proper proof would furnish a basis for the loss, the record does not disclose such fact. There is, therefore, no evidence before us of any basis upon which this deduction could be sustained as a loss, and this contention of the petitioner must fail. Cf. *Charles O. Middleton*, 25 B. T. A. 484.

Petitioner suggests, in the alternative, the deduction of the amount in controversy as a bad debt or an ordinary and necessary business expense. Neither position is tenable. It is stipulated the advances were made by petitioner to its own branch, the China Ross Company, and were written off by petitioner in 1923 when the business of its branch was closed out. This fact contradicts conclusively the existence of a legally enforceable debt. *Luke & Fleming, Inc.*, 1 B. T. A. 12; *J. S. Cullinan*, 19 B. T. A. 930; *Carnie-Goudie Mfg. Co.*, 24 B. T. A. 679. Under section 234 (a) (1) of the Revenue Act of 1921, if the advances were ordinary and necessary business expenses and so established by the record, their deduction should have been asserted in 1921 when paid or incurred.

*Judgment will be entered for the respondent.*